UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                                  CRIMINAL ACTION

VERSUS                                                                              No. 10-329

MOSES LAWSON                                                                 SECTION I

ORDER & REASONS

Before the Court is defendant Moses Lawson's ("Lawson") *pro se* motion[1] to appoint Lawson counsel to represent him and file an 18 U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines. Lawson's motion states that he is a layman with no legal training and that "matters of criminal law are complex and best handled by a competent attorney."[2] Lawson does not request that the Court assess his eligibility for a sentence reduction in accordance with Amendment 821, though he does state his belief that he is eligible for a sentence reduction.[3] For the reasons that follow, the Court denies Lawson's motion.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.) (citing *United States v.*

---

[1] R. Doc. No. 861.
[2] *Id.* at 1.
[3] *Id.*

*Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) and *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant [filing] a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quotation and citation omitted); *see* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require").  The interests of justice do not require appointment of counsel where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself *pro se. Joseph*, 2020 WL 3128845, at *2 (quoting *Moore*, 400 F. App'x at 852) (internal alterations omitted).

Here, Lawson has identified no individualized reasons for why the interests of justice require appointing him an attorney. *Pro se* defendants without legal training frequently represent themselves in motions for sentence reductions. Indeed, Lawson himself has proved capable of filing similar motions in the past, as Lawson previously filed a motion for a sentence reduction in accordance with Amendment 782 to the Sentencing Guidelines.[4] Moreover, whether Lawson qualifies for a reduction based on his criminal history points is a narrow and uncomplicated issue. Lawson should not require an attorney to file his motion. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

---

[4] R. Doc. No. 815.

New Orleans, Louisiana, October 16, 2024.

                                         **LANCE M. AFRICK**
                                **UNITED STATES DISTRICT JUDGE**